FRANK H. LOVELL, Respondent, *v.* GEORGE W. JACOBS,
Appellant.

SALE — DEPOSIT OF PURCHASE MONEY UNDER CONTRACT FOR SALE
AND PURCHASE OF CORPORATE STOCK, CONDITIONED ON INCREASE OF
CAPITAL STOCK TO A CERTAIN AMOUNT — RECLAMATION OF PURCHASE
MONEY, ON FAILURE OF CONDITIONS. The respective parties to a con-
tract for the sale and purchase of corporate stock, to be performed at a
future day named, deposited, the vendor the stock and the vendee the
purchase money, with a third party, under a provision of the contract
that it should not be performed unless two-thirds of the stock should
vote to increase the capital stock to a certain stipulated amount or if the
increase should be prevented by legal proceedings. The vendor cove-
nanted to vote all his stock for the increase, but, in fact, instigated and
procured an injunction restraining an increase, and the stock was never
increased to the amount named in the contract, but, after the date fixed
for the performance of the contract, was increased to a larger amount.
*Held,* in an action of interpleader instituted by the depositary, that the
vendee was entitled to treat the contract as of no effect and to reclaim the
purchase money deposited by him.

*Lovell* v. *Jacobs,* 77 Hun, 607, affirmed.

(Argued June 16, 1896; decided October 6, 1896.)

APPEAL from judgment of the General Term of the
Supreme Court in the fifth judicial department entered April
14, 1894, which affirmed a judgment in favor of plaintiff
entered upon a decision of the court on trial at the Monroe
Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John Van Voorhis* for appellant. The plaintiff is estopped
from making any claim to rescind the contract, because of the
failure, for any cause, of the stockholders of the Star Head-
light Company to increase its capital stock on April 6, 1892.
With full knowledge, he waived that condition and claimed
and demanded the stock. (*Morris* v. *Rexford,* 18 N. Y. 556;
*Rodermund* v. *Clark,* 46 N. Y. 354; *Moller* v. *Tuska,* 87
N. Y. 166; *E. C. O. Foundry Co.* v. *Hersee,* 103 N. Y. 25.)

*George F. Yeoman* for respondent.    Plaintiff was entitled to a performance of the contract on or before April 10, 1892, and the defendant had no right to enforce a performance thereafter.  (Lawson on Cont. §§ 438–443 ; Bishop on Cont. § 827; *Shaw* v. *R. L. Ins. Co.,* 69 N. Y. 286 ; *Graves* v. *White,* 87 N. Y. 463 ; *Hubbell* v. *P. M. Ins. Co.,* 100 N. Y. 41.)  There was a complete rescission of the contract by agreement between the parties, which was based upon a good consideration. (*Hubbell* v. *P. M. Ins. Co.,* 100 N. Y. 41; Bishop on Cont. § 815 ; *Graves* v. *White,* 87 N. Y. 463.)  The contract of March 19, 1892, under which the stock and money were deposited with the trust company, was and is wholly void. (Greenhood on Public Policy, 21 ; *Fisher* v. *Bush,* 35 Hun, 641 ; *In re Germicide Co., N. Y.,* 65 Hun, 606 ; *Woodruff* v. *Winteroth,* 133 Mass. 309 ; Lawson on Cont. §§ 279–281.)

BARTLETT, J.  The judgment appealed from should be affirmed, and a brief statement of our reasons will be given as no opinions were written below.

By agreement in writing, dated March 19th, 1892, the defendant contracted to sell plaintiff on or before April 10th, 1892, one hundred shares of the capital stock of the Star Head-Light Company for $10,000.

The plaintiff is a resident of the city of New York, and the defendant lives in Rochester where the corporation referred to does business, and was its president in April, 1892.

For the purpose of carrying out the contract, the stock and the money were deposited with the Rochester Trust and Safe Deposit Company under the further provisions of the contract that it should not be performed unless two-thirds of the stock voted to increase the capital stock from $25,000 to $35,000, the defendant covenanting to vote all of his stock for the increase ; it was also agreed that the contract should not be enforced if the increase of the stock was prevented by legal proceedings.

A meeting of the stockholders was called for April 6th, 1892, to increase the stock, but was restrained from acting by

injunction issued in a suit begun by one Wilder. It is found that the defendant instigated and procured this injunction action to be commenced.

No increase of stock was made until October 22d, 1892, and then it was fixed at $50,000, instead of $35,000 as agreed.

As defendant was demanding his stock, and plaintiff insisting on the performance of the contract, the trust company, on April 22d, 1892, brought an action to compel the parties in interest to interplead and settle their rights to the stock and money.

Under the original answers both parties claimed the stock; under amended answers served in the autumn of 1892 the plaintiff elected to treat the contract as of no effect and demanded his money, and the defendant prayed that plaintiff be required to take the stock and pay for it as agreed. On December 17th, 1892, the trust company's complaint of interpleader was sustained, and as a result the present action was commenced.

After a trial at Special Term it was adjudged that the agreement of March 19th, 1892, was of no effect and that plaintiff was entitled to his ten thousand dollars deposited with the trust company less the costs of the interpleader action.

The trial court found that prior to August 19th, 1892, and before the amended answers were served in the interpleader action, there was a settlement arranged between the parties whereby defendant was to have the stock and plaintiff the money held by the trust company; plaintiff was to pay the costs of the interpleader action and procure the settlement of two certain actions pending between one Glazier and the defendant; that the two actions were discontinued, but terms of settlement were not signed, as defendant's counsel was absent from the state; that thereafter when plaintiff called upon defendant to perform he refused to fulfill the agreement of settlement upon his part.

There is a strong conflict of evidence as to whether this agreement was made or not, but we are not able to say there

was no evidence to sustain the finding in plaintiff's favor that such an agreement was entered into and partially carried out by plaintiff.

Aside from this agreement there are insuperable obstacles to the defendant's enforcing the original contract.

The plaintiff was entitled to performance on the 10th day of April, 1892, if the stock was increased as agreed, but was not bound if there was a failure to increase the stock, or if the increase was prevented by legal proceedings.

The findings are that the stock was never increased to $35,000, and that the injunction action preventing the stockholders' meeting from voting the increase was instigated and procured by the defendant.

The respondent's counsel makes the additional point that the original contract is void as violating the statute (the General Corporation Law, § 22) to the effect that no stockholder shall sell his vote for any sum of money or anything of value to influence the giving of it. It is unnecessary to consider this question.

We have examined the exceptions, but find no reversible error.

The judgment appealed from should be affirmed, with costs.

All concur, except Haight, J., not sitting.

Judgment affirmed.